**ZIMMERMAN REED LLP**
Caleb Marker (SBN 269721)
Jessica M. Liu (SBN 358713)
6420 Wilshire Blvd., Suite 1080
Los Angeles, CA 90048
Tel: (877) 500-8780
caleb.marker@zimmreed.com
jessica.liu@zimmreed.com

**WRIGHT CLOSE BARGER & GUZMAN LLP**
Randall C. Owens*
Mukul S. Kelkar*
Chetan G. Reddy*
700 Louisiana Ave, Suite 3000
Houston, TX 77002
Tel: (713) 572-4321
owens@wcbglaw.com
mkelkar@wcbglaw.com
creddy@wcbglaw.com

* *Pro Hac Vice* applications to be submitted.

*Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANDRA EDAM, VINAY THOTAKURA, and SATISH NANNAPANENI,<br><br>                    Plaintiffs,<br>v.<br><br>TRILLER GROUP, INC. and CAPITAL TRUTH HOLDINGS, Ltd.,<br><br>                    Defendants. | Case No.: 2:26-cv-07943<br><br>**COMPLAINT FOR DECLARATORY RELIEF, CONSTRUCTIVE TRUST, AND DAMAGES**<br><br>1. Declaratory Relief<br>2. Constructive Trust<br>3. Conversion<br><br>**DEMAND FOR JURY TRIAL** |

1
COMPLAINT FOR DECLARATORY RELIEF, CONSTRUCTIVE TRUST, AND DAMAGES

Plaintiffs Chandra Edam, Vinay Thotakura, and Satish Nannapaneni, bring this Complaint against Defendants Triller Group, Inc. ("Triller") and Capital Truth Holdings, Ltd. ("Capital Truth") and make the following allegations based upon information and belief, except as to allegations specifically pertaining to Plaintiffs, which are based on personal knowledge.

## NATURE OF THE ACTION

1. This is a case concerning disputed shares of stock in Space Exploration Technologies Corp. ("SpaceX").

2. Plaintiffs are individual investors who purchased pre-IPO shares in SpaceX through Late Stage Management, LLC ("Late Stage") and affiliated Late Stage investment fund vehicles, beginning in 2020. Triller and Capital Truth are now attempting to wrongfully transfer those SpaceX interests through a pending transaction that is scheduled to close on Wednesday, July 22, 2026.

3. Under their agreements with Late Stage, Plaintiffs were entitled to receive and sell shares of SpaceX after the expiration of a lockup period following the initial public offering ("IPO") of SpaceX.

4. For years, Late Stage's investor portal, reports, and statements, reflected Plaintiffs' pre-IPO SpaceX holdings.

5. Following the IPO of SpaceX on June 12, 2026, Plaintiffs discovered that some of their SpaceX holdings had been suddenly removed and replaced with a dollar amount titled "unapplied contribution[s]." Late Stage's monthly holdings reports and investor portal records were retroactively changed to reflect that Plaintiffs did not own any SpaceX shares.

6. In communications with the investors, Late Stage now appears to contend that some or all of the Plaintiffs' SpaceX holdings were sold or otherwise disposed of in 2024.

7. Plaintiffs did not receive contemporaneous notice of any 2024 sale or disposition regarding their SpaceX holdings. Plaintiffs did not receive distributions from

2

COMPLAINT FOR DECLARATORY RELIEF, CONSTRUCTIVE TRUST, AND DAMAGES

any such alleged sale.

8. Late Stage has not provided basic details of the alleged 2024 sale, including the date, buyer, seller, price, assets sold, proceeds received, distribution calculations, or current location of any sale proceeds.

9. Less than a week after Plaintiffs' SpaceX holdings were retroactively removed by Late Stage, Triller, through its wholly owned subsidiary Trendy Reach Holdings Limited ("Trendy Reach"), entered into a transaction to acquire 100% of Capital Truth Holdings Ltd., SAC1 ("SAC1") from Capital Truth. Public filings and transaction documents indicate that SAC1 holds interests representing 3,917,185 SpaceX share equivalents.

10. The purchase price for the SAC1 transaction is $411,304,425, which equates to approximately $105 per SpaceX share equivalent.

11. The purchase price is held or is to be held in escrow pending closing. The escrowed funds are to be released when transfer documentation relating to SAC1, the relevant fund interests, or the SpaceX share equivalents is finalized.

12. Capital Truth has been linked to Late Stage and persons or entities associated with Late Stage. Upon information and belief, Capital Truth entities acquired and held pre-IPO securities for the Late Stage investment funds and individual investors.

13. Upon information and belief, Capital Truth is an affiliate or related entity of Capital Truth Holdings LLC.

14. Plaintiffs have reason to believe that their rightful SpaceX interests are included in or otherwise affected by the SAC1 transaction between Triller and Capital Truth. Specifically, Plaintiffs allege that the SpaceX share equivalents being sold through SAC1 include SpaceX interests purchased with funds provided by the Plaintiffs through Late Stage.

15. On July 17, 2026, Plaintiffs placed Triller and Capital Truth on notice of their disputed claims. Despite that notice, Defendants have not provided adequate

COMPLAINT FOR DECLARATORY RELIEF, CONSTRUCTIVE TRUST, AND DAMAGES

assurances that the SAC1 transaction will be paused or that disputed SpaceX holdings will not be transferred.

16.    Defendants' conduct gives rise to claims for declaratory relief, constructive trust, and conversion.

17.    Accordingly, Plaintiffs bring this civil action to determine their rights in the disputed SpaceX interests and proceeds of the SAC1 transaction.

## PARTIES

18.    Plaintiff Vinay Thotakura is a citizen of India and resident of Bothell, WA. Thotakura invested in pre-IPO SpaceX securities through Late Stage in December 2020.

19.    Plaintiff Satish Nannapaneni is a citizen and resident of Sugar Land, TX. Nannapaneni invested in pre-IPO SpaceX securities through Late Stage in December 2020.

20.    Plaintiff Chandra Edam is a citizen and resident of New Market, MD. Edam invested in pre-IPO SpaceX securities in September 2020 and October 2020.

21.    Defendant Triller Group, Inc. is a Delaware corporation and is headquartered in Los Angeles, California. Triller is the public company parent and buyer manager involved in the acquisition of SAC1.

22.    Defendant Capital Truth Holdings, Ltd. is an entity organized under the laws of The Bahamas. Capital Truth is the seller of SAC1.

## JURISDICTION AND VENUE

23.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because this is a civil action in which the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. Plaintiffs are citizens of Maryland, Washington, and Texas, while Triller is a Delaware corporation primarily operating in California and Capital Truth is a Bahamas entity.

24.    This Court has personal jurisdiction over Triller because its principal place of business is located at 7119 West Sunset Blvd, Suite 782, Los Angeles, CA 90046.

COMPLAINT FOR DECLARATORY RELIEF, CONSTRUCTIVE TRUST, AND DAMAGES

25. This Court has personal jurisdiction over Capital Truth because Capital Truth purposefully agreed to sell SAC1 indirectly to Triller, which holds its principal place of business in California. Plaintiffs' claims arise from Capital Truth's impending sale of SAC1 and the related SpaceX holdings to Triller's acquisition vehicle, Trendy Reach.

26. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Triller maintains a principal place of business in this District, Defendants conduct business transactions in this District, and there is no other judicial district in which an action may otherwise be brought under § 1391(b).

## Facts

### I. Plaintiffs Invested in Pre-IPO SpaceX Interests through Late Stage.

27. Between September 2020 and December 2020, Plaintiffs invested in pre-IPO SpaceX interests through Late Stage and affiliated Late Stage investment fund vehicles. Plaintiffs understood that their investments would earn them the right to receive and transfer shares of SpaceX stock following the expiration of a lock-up period after the company's IPO.

28. Late Stage maintained holdings and account records through an online investor portal. Late Stage also issued reports and statements concerning investor holdings. Until June 12, 2026, those records confirmed Plaintiffs' continued positions in SpaceX.

29. Plaintiffs were passive investors in private fund vehicles. They had no independent ability to verify whether Late Stage actually held their SpaceX shares or whether those shares had been sold, transferred, or otherwise disposed of.

30. Plaintiffs therefore relied on Late Stage's investor portal, records, and reports to determine the existence and status of their SpaceX investments. Until June 12, 2026, those sources all confirmed Plaintiffs' continued positions in SpaceX.

COMPLAINT FOR DECLARATORY RELIEF, CONSTRUCTIVE TRUST, AND DAMAGES

**A. Plaintiff Thotakura's SpaceX Position with Late Stage.**

31.    On December 1, 2020, Thotakura invested $34,500 through Late Stage in the company's Series SPACX29-A, which at the time held a beneficial interest in 912 shares of common stock of SpaceX. In exchange, Thotakura was entitled to 100 pre-IPO shares of SpaceX at a purchase price of $345/share.

32.    Beginning in June 2022, following a 1:10 stock split, Thotakura's monthly holdings reports reflected his SpaceX position as 1,000 shares at an average price of $34.50 per share.

33.    Following SpaceX's IPO on June 12, 2026 and a subsequent 1:5 stock split adjustment, Thotakura's portal displayed 5,000 SpaceX shares at an average price of $6.90 per share.

34.    Between June 18 and June 23, 2026, Late Stage's investor portal became inaccessible. Upon restoration of the investor portal, Thotakura's position was removed and marked sold as of September 23, 2024, with an offer to return an "unapplied contribution" of $90,900.00.

35.    Thotakura did not receive any contemporaneous notice of a September 2024 sale.

36.    Thotakura did not authorize any sale of his SpaceX position.

37.    Thotakura did not receive any distribution from the alleged September 2024 sale.

38.    After the portal outage in June 2026, an email dated December 31, 2024 appeared in the "Email History" section of Thotakura's investor portal, titled "[Action Required – Important Information About Your Delivery for SpaceX!" This email stated that Thotakura's SpaceX shares had been sold at a pre-1:5 split price of $105.00 per share, for an effective price of $21.00 per share.

39.    Thotakura did not receive that email when it was allegedly sent. Thotakura did receive other emails from Late Stage in the time around December 31, 2024.

COMPLAINT FOR DECLARATORY RELIEF, CONSTRUCTIVE TRUST, AND DAMAGES

40. Thotakura's 2024 and 2025 Schedule K-1s, prepared by Late Stage, do not show that his SpaceX shares were sold in those years.

41. On or about June 23, 2026, Thotakura observed that Late Stage had altered monthly holdings statements for periods after September 2024 during or after the portal maintenance period.

42. To date, Thotakura has not received his SpaceX shares or any cash disbursement.

43. On June 23, 2026, shares of SpaceX closed at a price of $165.50 per share.

**B. Plaintiff Nannapaneni's SpaceX Position with Late Stage.**

44. On December 9, 2020, Nannapaneni invested $17,250 through Late Stage in the company's Series SPACX14-A, which at the time held a beneficial interest in 1,180 shares of common stock in SpaceX. In exchange, Nannapaneni was entitled to 50 pre-IPO shares of SpaceX at a purchase price of $345/share.

45. Beginning in June 2022, following a 1:10 stock split, Nannapaneni's monthly holdings reports reflected his SpaceX position as 500 shares at an average price of $34.50 per share. That position appeared without material change through at least May 2026.

46. Following SpaceX's IPO and a subsequent stock split adjustment, Nannapaneni's investor portal displayed 2,500 SpaceX shares at an average price of $6.90 per share.

47. Upon restoration of the investor portal, Nannapaneni's position was removed and marked sold as of September 23, 2024, with an offer to return an "unapplied contribution" of $45,450.00.

48. Nannapaneni did not receive any contemporaneous notice of a September 2024 sale.

49. Nannapaneni did not authorize any sale of his SpaceX position.

50. Nannapaneni did not receive any distribution from the alleged September 2024 sale.

COMPLAINT FOR DECLARATORY RELIEF, CONSTRUCTIVE TRUST, AND DAMAGES

51.     Following the portal outage, an email dated December 31, 2024 appeared in the "Email History" section of Nannapaneni's investor portal. The email was titled "[Action Required] – Important Information About Your Delivery for SpaceX!" This email stated that Nannapaneni's SpaceX shares had been sold at a pre-1:5 split price of $105.00 per share, for an effective price of $21.00 per share.

52.     Nannapaneni did not receive that email when it was allegedly sent. Nannapaneni received other emails from Late Stage in the time around December 31, 2024.

53.     Nannapaneni's 2024 and 2025 Schedule K-1s, prepared by Late Stage, do not show that his SpaceX shares were sold in those years.

54.     Nannapaneni also observed that Late Stage altered monthly holdings statements for periods after September 2024 during or after the portal outage period.

55.     To date, Nannapaneni has not received his SpaceX shares or any cash disbursement.

56.     On June 23, 2026, shares of SpaceX closed at a price of $165.50 per share.

**C. Plaintiff Edam's SpaceX Position with Late Stage.**

57.     On September 10, 2020, Edam invested $51,750 through Late Stage in the company's Series SPSX-10B, which at the time held a beneficial interest in 320 shares of common stock in SpaceX. In exchange, Edam was entitled to 150 pre-IPO shares of SpaceX at a purchase price of $345/share.

58.     On October 1, 2020, Edam invested an additional $51,750 through Late Stage in the company's Series SPSX-18A, which at the time held a beneficial interest in 507 shares of common stock in SpaceX. In exchange, Edam was entitled to 150 pre-IPO shares of SpaceX at a purchase price of $345/share.

59.     Following the IPO and stock splits, both of Edam's positions showed 7,500 shares at a purchase price of $6.90 per share.

COMPLAINT FOR DECLARATORY RELIEF, CONSTRUCTIVE TRUST, AND DAMAGES

60. Edam's SPSX-10B position continues to appear in the Late Stage investor portal as intact. However, Edam disputes the reliability of the portal's records because of internally inconsistent recordkeeping and communications from Late Stage.

61. On July 1, 2026, Edam received an email from Late Stage, in which the company informed him and other investors that it had liquidated approximately 70-80% of their SpaceX positions, and that they would keep investors informed as proceeds were received and distributed.

62. Late Stage did not provide documentation establishing where the SpaceX shares were being held, who had legal title to them, or whether they had been transferred.

63. On July 9, 2026, Edam received another email from Late Stage, in which the company informed him and other investors that "[n]o funding of the sale of SpaceX has occurred and monies will be disbursed when appropriate."

64. Upon restoration of the investor portal, Edam's position in SPSX-18A was removed and marked sold as of September 23, 2024, with an offer to return an "unapplied contribution" of $141,637.50. The shares were alleged sold at a pre-1:5 split price of $105.00 per share, for an effective price of $21.00 per share.

65. Edam did not receive any contemporaneous notice of a September 2024 sale.

66. Edam did not authorize any sale of either of his SpaceX positions.

67. Edam did not receive any distribution from the alleged September 2024 sale.

68. Following the portal outage, an email dated December 31, 2024 appeared in the "Email History" section of Edam's investor portal. The email was titled "[Action Required] – Important Information About Your Delivery for SpaceX!" This email stated that Edam's SpaceX shares had been sold at $105.00.

69. Edam did not receive that email when it was allegedly sent. Edam received other emails from Late Stage around the time of December 31, 2024.

70. Edam's 2024 and 2025 Schedule K-1s do not show that his SpaceX shares were sold in those years.

COMPLAINT FOR DECLARATORY RELIEF, CONSTRUCTIVE TRUST, AND DAMAGES

71. Edam observed that Late Stage altered monthly holdings statements for periods after September 2024 during or after the portal maintenance period.

72. Edam has not received his SPSX-18A SpaceX shares or any cash disbursement to date.

73. On June 23, 2026, shares of SpaceX closed at a price of $165.50 per share.

**II. Late Stage's Records and Communications Raise Doubts about the Veracity of these Alleged Stock Sales.**

74. Late Stage's current investor portal records contend that some or all of Plaintiffs' SpaceX positions were sold as of September 23, 2024.

75. Plaintiffs' historical monthly holdings reports show those SpaceX positions as continuing after September 2024.

76. Plaintiffs' 2024 and 2025 Schedule K-1s do not reflect that those positions were sold in those years.

77. Plaintiffs did not authorize, receive contemporaneous notices of, or receive proceeds from any alleged September 2024 sale.

78. Late Stage's after-the-fact recharacterization of Plaintiffs' SpaceX positions as "unapplied contribution[s]" is inconsistent with Late Stage's prior written representations, monthly holdings reports, K-1s, and investor portal records.

79. After the portal outage, Late Stage told Plaintiffs that their SpaceX shares had been sold in September 2024.

80. Late Stage told some investors that an email had been sent concerning the sale and that investors were required to provide wire instructions. Late Stage further stated that its system had been incorrectly reporting the SpaceX positions as still held.

81. Late Stage represented that a forensic audit conducted in concert with an investigation by the Securities and Exchange Commission (SEC) had flagged the issue. However, Late Stage has not provided additional details regarding the alleged sale to investors when asked.

COMPLAINT FOR DECLARATORY RELIEF, CONSTRUCTIVE TRUST, AND DAMAGES

82. Late Stage's statements raise serious questions regarding the existence, validity, documentation, and timing of the alleged sale.

### III. The Triller-Capital Truth Transaction

#### A. Contemporaneous Timing and Similar Terms to Late Stage's Communication of the Alleged 2024 Sale

83. On June 23, 2026, the same day in which the Late Stage investor portal resumed operation, Triller and Trendy Reach entered into a Membership Interest Purchase Agreement with Capital Truth regarding the acquisition of SAC1. Trendy Reach is a wholly owned subsidiary of Triller.

84. Public filings and transaction documents state that SAC1 is a Bahamian vehicle holding indirect ownership of 3,917,185 SpaceX common stock equivalents. The purchase price for the SAC1 transaction is $411,304,425, for a purchase price of approximately $105.00 per share. This same per-share price appears in the retroactive email-history portal entries that purported to notify the Plaintiffs that their SpaceX shares had been sold.

85. The timing and terms of the SAC1 transaction therefore reinforce that Plaintiffs' SpaceX interests may be included in the SAC1 transaction.

86. The SAC1 transaction is scheduled to close no later than July 22, 2026.

#### B. Capital Truth's Connection to Late Stage and the SpaceX Interests

87. Capital Truth has been linked to Late Stage and persons or entities associated with Late Stage.

88. Upon information and belief, Capital Truth held or controlled the underlying pre-IPO securities or rights associated with securities sold to Late Stage investors.

89. Upon information and belief, Capital Truth is an affiliate or related entity of Capital Truth Holdings LLC. Upon information and belief, both entities are controlled by Joshua Cilano, operate in the pre-IPO investment business, and have participated in the same investments.

COMPLAINT FOR DECLARATORY RELIEF, CONSTRUCTIVE TRUST, AND DAMAGES

90.    Upon information and belief, when Late Stage received money from its investors, it transferred the money to Capital Truth entities. Capital Truth would hold the actual shares of SpaceX until the IPO. Once the shares were publicly traded and the lock-up period expired, Capital Truth was supposed to distribute shares to Late Stage, who would in turn distribute the shares to Late Stage investors.

91.    Upon information and belief, Plaintiffs' rightful shares in SpaceX were transferred to or through Capital Truth Holdings Ltd., SAC1 from Capital Truth.

**C. Capital Truth's Connection to Triller**

92.    Upon information and belief, Capital Truth has a significant investment relationship with Triller. Through Capital Truth, Late Stage offered to its investors an opportunity to invest in pre-IPO shares in Triller.

93.    For example, through Late Stage, Plaintiff Edam invested $25,000 for 9,766 pre-IPO shares in Triller. However, despite Triller's IPO in October 2024, Edam has not received any actual shares in Triller.

94.    Upon information and belief, in or around March 2026, Late Stage and Capital Truth acquired an increased block of shares in Triller stock.

95.    On April 11, 2026, Triller released a letter to members of Capital Truth expressing its "sincere gratitude to Joshua Cilano of Capital Truth." The letter further indicated that Cilano's close cooperation with Triller "truly mattered," and that Triller was "proud to count Capital Truth as a long-standing supporter of [the] Company."

96.    Triller announced the $411 million acquisition of SAC1 from Capital Truth on June 25, 2026. Triller's share price jumped from $0.77/share at close on June 24, 2026, to $5.13/share at open on June 26, 2026, an increase of nearly 700%. As of July 20, 2026, Triller has a market capitalization of just $28.66 million.

97.    These facts support that the SAC1 transaction is not an ordinary market transaction between wholly unrelated parties.

98.    Upon information and belief, Plaintiffs' SpaceX interests are being sold in the SAC1 acquisition. The contemporaneous timing of Late Stage's removal of Plaintiffs'

12

COMPLAINT FOR DECLARATORY RELIEF, CONSTRUCTIVE TRUST, AND DAMAGES

SpaceX shares from the portal and all records and the close relationships between Triller, Capital Truth, and Late Stage indicate that these events are not a coincidence.

**IV.    Plaintiffs Placed Defendants on Notice**

99.    On July 17, 2026, Plaintiffs placed Triller and Capital Truth on notice of their disputed claims.

100.    Plaintiffs demanded that Triller pause or suspend the SAC1 transaction until the disputed investor claims were resolved.

101.    Plaintiffs demanded that Capital Truth refrain from transferring, assigning, or disposing of any SpaceX-related interests, proceeds, or rights connected to SAC1.

102.    Defendants have not provided adequate assurances that the SAC1 transaction will be paused, the funds will be preserved, or that the SpaceX holdings will not be transferred.

103.    Plaintiffs therefore bring this action to determine their rights and to prevent the transfer of disputed SpaceX interests before their ownership and entitlement can be adjudicated.

**FIRST CAUSE OF ACTION**

**Declaratory Relief**

**(Against All Defendants)**

104.    Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint.

105.    An actual controversy exists between Plaintiffs and Defendants regarding ownership and control of the disputed SpaceX shares.

106.    Plaintiffs contend that they purchased and are entitled to receive SpaceX shares traceable to their SpaceX pre-IPO investments through Late Stage.

107.    Capital Truth claims the right to sell SAC1, which holds the interests representing 3,917,185 SpaceX share equivalents.

108.    Triller, through its wholly owned subsidiary, Trendy Reach, claims the right to acquire SAC1 and the SpaceX share equivalents held by or through SAC1.

COMPLAINT FOR DECLARATORY RELIEF, CONSTRUCTIVE TRUST, AND DAMAGES

109. Plaintiffs contend that the SpaceX share equivalents being transferred through the SAC1 transaction include SpaceX shares purchased with Plaintiffs' funds through Late Stage.

110. Defendants have failed to acknowledge Plaintiffs' rights.

111. Plaintiffs seek a judicial declaration that Defendant Capital Truth may not transfer, release, encumber, sell, distribute, or otherwise dispose of any SpaceX interests traceable to Plaintiffs' investments unless and until Plaintiffs' rights are adjudicated or adequately protected.

112. Plaintiffs seek a judicial declaration that Defendant Triller may not accept or acquire any SpaceX interests traceable to Plaintiffs' investments unless and until Plaintiffs' rights are adjudicated or adequately protected.

113. Plaintiffs further seek a judicial declaration that they have a greater right of possession to the disputed SpaceX interests than the Defendants.

114. Declaratory relief is necessary and appropriate to determine the parties' rights and obligations regarding the disputed SpaceX interests and related proceeds.

## SECOND CAUSE OF ACTION

### Constructive Trust

### (Against All Defendants)

115. Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint.

116. California Civil Code §§ 2223 and 2224 provide that one who wrongfully detains or gains property by fraud, mistake, violation of trust, or other wrongful act is an involuntary trustee for the benefit of the person entitled to the property.

117. Plaintiffs invested funds to acquire pre-IPO SpaceX securities through Late Stage.

118. Late Stage represented to Plaintiffs that their funds were applied to specific SpaceX share positions.

119. Late Stage's investor portal, monthly holdings reports, and other account

14

COMPLAINT FOR DECLARATORY RELIEF, CONSTRUCTIVE TRUST, AND DAMAGES

records reflected Plaintiffs' SpaceX holdings for years.

120. Plaintiffs did not authorize the sale or disposition of their SpaceX interests.

121. Plaintiffs did not receive contemporaneous notice of or proceeds from any alleged 2024 sale.

122. Plaintiffs have a right to the SpaceX shares or share equivalents traceable to their investments.

123. The specific res at issue is Plaintiffs' pre-IPO SpaceX interests.

124. Plaintiffs are informed and believe that Capital Truth, SAC1, or related entities hold or control SpaceX share equivalents traceable to Plaintiffs' investments.

125. Plaintiffs are informed and believe that Triller is attempting to acquire those SpaceX share equivalents through the SAC1 transaction after receiving notice of Plaintiffs' disputed claims.

126. Plaintiffs are informed and believe that Defendants obtained or seek to acquire Plaintiffs' SpaceX share equivalents through wrongful acts, including but not limited to conversion.

127. Defendants hold, control, and seek to either transfer or acquire identifiable property that belongs to Plaintiffs or is traceable to their investments.

128. Defendants would be unjustly enriched if they retain, transfer, acquire, or receive the disputed SpaceX interests or proceeds without restoring Plaintiffs' property or adequately protecting Plaintiffs' rights.

129. Equity requires Defendants to be treated as involuntary trustees of the disputed SpaceX share equivalents and their traceable proceeds for the benefit of Plaintiffs.

130. A constructive trust is an appropriate equitable remedy under these facts because Defendants wrongfully hold SpaceX shares that belong to the Plaintiffs.

131. Plaintiffs therefore seek imposition of a constructive trust over all SpaceX shares, share equivalents, and proceeds traceable to Plaintiffs' investments.

COMPLAINT FOR DECLARATORY RELIEF, CONSTRUCTIVE TRUST, AND DAMAGES

## THIRD CAUSE OF ACTION

### Conversion

### (Against All Defendants)

132.   Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint.

133.   Plaintiffs own, have a right to possess, or have an economic entitlement to, identifiable SpaceX shares, share equivalents, or proceeds traceable to their investments through Late Stage.

134.   Late Stage's own records, reports, and investor portal reflected Plaintiffs' SpaceX interests for years.

135.   Plaintiffs did not consent to the sale or liquidation of their SpaceX interests.

136.   Plaintiffs did not authorize Late Stage, Capital Truth, Triller, or any related person or entity to dispose of their SpaceX interests.

137.   Capital Truth is attempting to transfer SAC1 and the embedded SpaceX interests traceable to Plaintiffs' investments.

138.   Triller is attempting to acquire SAC1 and the embedded SpaceX interests traceable to Plaintiffs' investments.

139.   Defendants have been placed on actual notice that Plaintiffs claim rights in the SpaceX interests implicated by the SAC1 transaction.

140.   By transferring, acquiring, accepting, or exercising control over disputed SpaceX interests or proceeds after notice of Plaintiffs' claims, Defendants have exercised or threatened to exercise dominion over Plaintiffs' property inconsistent with Plaintiffs' rights.

141.   Plaintiffs have been damaged by Defendants' conduct in an amount to be proven at trial.

142.   Plaintiffs seek damages, constructive trust, and injunctive relief.

COMPLAINT FOR DECLARATORY RELIEF, CONSTRUCTIVE TRUST, AND DAMAGES

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that the Court:

a. Declare that Plaintiffs have disputed rights and claims concerning the SpaceX shares, share equivalents, and proceeds implicated by the SAC1 transaction;

b. Declaring that Defendants' conduct violates the laws and equitable principles set forth above;

c. Declare that Capital Truth may not sell, transfer, or otherwise dispose of any SpaceX shares or share equivalents unless and until Plaintiffs' rights are adjudicated or adequately protected;

d. Declare that Triller may not acquire or receive any SpaceX shares or share equivalents relating to the SAC1 transaction unless and until Plaintiffs' rights are adjudicated or adequately protected;

e. Impose a constructive trust over all SpaceX shares or share equivalents traceable to Plaintiffs' SpaceX investments;

f. Declare Defendants to be involuntary trustees of any SpaceX shares, share equivalents, or proceeds traceable to Plaintiffs' SpaceX investments;

g. Award Plaintiffs actual damages in an amount according to proof;

h. Award Plaintiff their attorneys' fees and costs as permitted by law;

i. Grant equitable and/or injunctive relief, including to enjoin Defendants from engaging in the conduct outlined herein;

j. Grant Plaintiffs a trial by jury;

k. Grant leave to amend these pleadings to conform to evidence produced at trial; and

l. Grant such other relief as the Court deems just and proper, including all forms of relief provided for California law.

COMPLAINT FOR DECLARATORY RELIEF, CONSTRUCTIVE TRUST, AND DAMAGES

**JURY DEMAND**

Plaintiffs, by counsel, demand a trial by jury.

                                    Respectfully submitted,

Dated: July 20, 2026          By:    /s/ Caleb Marker

**ZIMMERMAN REED LLP**
Caleb Marker (SBN 269721)
Jessica M. Liu (SBN 358713)
6420 Wilshire Blvd., Suite 1080
Los Angeles, CA 90048
Tel: (877) 500-8780
caleb.marker@zimmreed.com
jessica.liu@zimmreed.com

**WRIGHT CLOSE BARGER & GUZMAN LLP**
Randall C. Owens*
Mukul S. Kelkar*
Chetan G. Reddy*
700 Louisiana Ave, Suite 3000
Houston, TX 77002
Tel: (713) 572-4321
owens@wcbglaw.com
mkelkar@wcbglaw.com
creddy@wcbglaw.com

* *Pro Hac Vice* applications to be submitted.

*Counsel for Plaintiffs*

COMPLAINT FOR DECLARATORY RELIEF, CONSTRUCTIVE TRUST, AND DAMAGES